IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:24-cv-681

ALEXANDER JOHN GARCIA,

*Plaintiff*,

v.

THE UNITED STATES OF AMERICA, and UNITED STATES ARMY,

*Defendants*.

**COMPLAINT**
**(Jury Trial Demanded)**

NOW COMES Plaintiff Alexander John Garcia ("Mr. Garcia" or "Plaintiff"), by and through undersigned counsel, complaining of Defendants The United States of America ("United States") and United States Army (the " U.S. Army") (collectively "Defendants"), pursuant to the Federal Tort Claims Act ("FTCA") and 28 U.S.C. § 1346(b) as follows:

## INTRODUCTION

1. This action seeks damages for the acquired psychiatric disorder, and consequences therefrom, related to Plaintiff's admission and enlistment into the U.S. Army.

2. Plaintiff served on active duty in the U.S. Army from October 24, 1975, to November 20, 1975 (the "Service").

3. Plaintiff was honorably discharged.

4. Prior to the Service, Plaintiff has attempted suicide.

5. Upon enlistment, in September 1975, Plaintiff underwent an entrance medical exam ("Entrance Exam").

6. A September 22, 1975, Report of Medical History signed by Plaintiff and Defendant(s)' physician and/or medical examiner (the "Medical Examiner"), notes that Plaintiff had attempted suicide and had been under psychiatric care in 1974.

7. A September 22, 1975, Report of Medical Examination noted that Plaintiff's psychiatric evaluation was normal, and that Plaintiff was "fit" for service.

8. An October 1975 evaluation for psychiatric disorders deemed Plaintiff "psychiatrically acceptable for military service."

9. Plaintiff served on active duty for 27 days.

10. During Plaintiff's Service, he suffered a mental breakdown and began experiencing severe schizophrenic symptoms, including hallucinations.

11. On November 20, 1975, Plaintiff was honorably discharged.

12. At the time of Plaintiff's discharge, Defendants did not offer any mental health treatment or services despite clear evidence of Plaintiff's mental impairments.

13. A few months after his discharge, Plaintiff's father committed him to Summit Oaks Hospital for psychiatric care.

14. Thereafter, Plaintiff was hospitalized and homeless for many years because of his mental condition(s).

15. In July 2016, Plaintiff underwent a private psychiatric evaluation. The doctor noted that Plaintiff had psychiatric problems prior to his Service, and that it is was at least as likely as not that Plaintiff's psychiatric impairments were aggravated beyond the natural progression of the disease due to his Service.

16. Since his Service, Plaintiff has experienced debilitating psychiatric symptoms, which has resulted in homelessness, incarceration, and disability.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over this claim for money damages against the United States pursuant to 28 U.S.C. § 1346.

18. Plaintiff has exhausted his administrative FTCA claims. Plaintiff has filed all required administrative forms with each relevant agency of the United States.

19. On February 20, 2024, Plaintiff received a notice of "final administrative action" denying Plaintiff's FTCA claims against the United States from the Department of the Army.

20. Plaintiff is a citizen and resident of Huntersville, Mecklenburg County, North Carolina.

21. The United States District Court for the Western District of North Carolina is the proper venue to adjudicate this action pursuant to 28 U.S.C. § 1391 and 1402.

## ALLEGATIONS

22. The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

23. At the time of Plaintiff's Entrance Exam, Plaintiff was unfit for military service due to his history of mental health problems.

24. Despite his medical history, the Medical Examiner determined Plaintiff was "fit" for military service.

25. This determination by the Medical Examiner was against military guidelines and rules for enlistment.

26. Upon information and belief, the Medical Examiner ruled Plaintiff was "fit" for military service due to pressure from one or more of the Defendants, or their agents, to enlist as many new military service members as possible—even if such determinations violated enlistment guidelines and rules.

27. Because of Plaintiff's mental health history, it was highly likely that his mental health conditions and symptoms would worsen due to the stress of military service.

28. Plaintiff's psychiatric impairments were in fact aggravated beyond the natural progression of the impairments due to his Service.

29. Due to his Service and aggravated mental health impairments, Plaintiff continues to suffer from debilitating mental health symptoms and conditions, including schizophrenic delusions and hallucinations.

## FIRST CAUSE OF ACTION
## (NEGLIGENCE)

30. The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

31. The federal employees, officials, Medical Examiner, and agents of Defendants had a duty to Plaintiff to act with ordinary care and prudence so as not to cause harm or injury to Plaintiff.

32. The federal employees, officials, Medical Examiner, and/or agents of Defendants had a duty to Plaintiff to ensure Plaintiff was in fact "fit" for military service so as not to cause Plaintiff injury, harm, or aggravate and pre-existing medical conditions existing at the time of Plaintiff's enlistment.

33. The Medical Examiner had actual knowledge of Plaintiff's pre-existing medical impairments, including mental health impairments and history of suicide attempts.

3

34. By engaging in the acts alleged herein, the federal employees, officials, Medical Examiner, and/or agents of Defendants failed to act with ordinary care and breached their duty of care owed to Plaintiff.

35. As a direct and/or proximate result of the referenced conduct, Plaintiff has suffered substantial damages.

36. Pursuant to the Federal Tort Claims Act, the Defendants are liable to Plaintiff for negligence.

## SECOND CAUSE OF ACTION
### (NEGLIGENT SUPERVISION)

37. The allegations in the foregoing paragraphs are realleged and incorporated by reference as though fully set forth herein.

38. Plaintiff suffered damages from foreseeable misconduct of an employee supervised by the Defendants.

39. The Defendants' employees in supervisory roles have a duty to properly supervised federal officers and officials and to oversee their decisions to evaluate military "fitness" of potential recruits.

40. The blatant disregard for Defendants' own internal policies, procedures, and regulations by Defendants' employees and agents show that the Medical Examiner and other employees were negligent in their non-discretionary duty to evaluate Plaintiff's "fitness" for military service.

41. The Defendants' negligent supervision proximately caused the unlawful conduct and injuries described herein, including the violations and mandatory obligations imposed on the Defendants' agents and employees that evaluated Plaintiff prior to his Service.

42. As a direct and/or proximate result of this failure to supervise, Plaintiff suffered the injuries described herein.

43. Pursuant to the Federal Tort Claims Act, the Defendants are liable to Plaintiff for negligent supervision.

WHEREFORE, Plaintiff prays unto the Court for the following relief:

1. For entry of a money judgment in favor of Plaintiff and against Defendants, in an amount to be determined at trial, for compensatory damages;

2. For an award of Plaintiff's reasonable attorneys' fees to the maximum extent allowed by law;

4

3. For a trial by jury on all issues so triable; and

4. For such other and further relief that the Court may deem just and proper.

THIS the 25th day of July, 2024.

**TLG Law**

/s/ Alec S. Jalovec
Alec S. Jalovec
David G. Redding
2907 Providence Road, Suite 303
Charlotte, North Carolina 28211
T: (704) 900-2215
ajalovec@tlg-law.com
dredding@tlg-law.com
*Attorneys for Plaintiff*